UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| Plaintiff, | ) Case No. 3:25-cv-952 |
| v. | ) |
| **Giammarco Properties, LLC**, an Ohio limited liability company, | ) Judge: |
| Defendant. | ) |

# COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant Giammarco Properties, LLC, an Ohio limited liability company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative

1

        facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, LELAND FOSTER ("Plaintiff" or "Mr. Foster") is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant Giammarco Properties, LLC owns and/or operates a shopping plaza, known as Boardwalk Plaza, located at 5300 Monroe St., Toledo, OH 43623 in Lucas County.

6. Plaintiff has patronized Defendant's property previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

7. Upon information and belief, the shopping plaza owned and operated by the Defendant was originally built by the Defendant (or its predecessor in interest) commencing in 1999 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA is required for this shopping center unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable

8. The facility owned or operated by the Defendant Giammarco Properties, LLC is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying

with the obligations of the ADA.  Defendant's shopping plaza is a place of public accommodation.  Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

9. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

10. Mr. Foster is a Fulton County, Ohio resident and frequents the parks, restaurants, shopping centers, businesses and establishments of Northwest Ohio, including the Defendant's shopping plaza that form the subject of this complaint.

11. On October 3, 2024, Plaintiff patronized the Defendant's property, the Boardwalk Plaza and the Dairy Queen tenant space theerin, and he plans to return to the property to avail himself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear

of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the shopping plaza, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes & Parking

A. Designated accessible parking signage is mounted below required height, in violation of the ADA and Section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or, at minimum, readily achievable.

B. Designated accessible parking spaces entirely lack access aisles or the access aisles do not extend the full length of the parking spaces they serve due to being obstructed by non-compliant ramps, in violation of the ADA and section 502.3 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

C. Some access aisles have excess slope, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.

D. There are no designated van accessible parking spaces, in violation of the ADA and section 208.2.4 of the 2010 Standards and 1991 ADAAG section A4.6.3, whose remedy

is strictly required or, at minimum, readily achievable.

E. The ramps connecting the designated accessible parking to the entrance have excess slope and cross-slope, no edge protection and cracks or changes in level on the surfaces, in violation of the ADA and section 405 of the 2010 Standards and 1991 ADAAG section 4.8 whose remedy is strictly required or, at minimum, readily achievable.

**Dairy Queen**

F. Signage on the restroom lacks the international symbol of accessibility and is not located adjacent to the latch side of the door, in violation of the ADA and section 703 of the 2010 Standards and 1991 ADAAG section 4.30, whose remedy is strictly required or, at minimum, readily achievable.

G. The baby changing station's operable parts exceed allowable reach range, in violation of the ADA and section 308.2.1 of the 2010 Standards and 1991 ADAAG section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

H. The paper towel dispenser's operable parts exceed allowable reach range, in violation of the ADA and section 308.2.1 of the 2010 Standards and 1991 ADAAG section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

I. The toilet paper dispenser is not mounted as required, in violation of the ADA and section 604.7 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

J. The water closet flush control is not located on the open side of the unit, in violation of the ADA and section 604.9.5 of the 2010 Standards and 1991 ADAAG section 4.16.5, whose remedy is strictly required or, at minimum, readily achievable.

Policies and Procedures

  K. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

  L. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

16. The discriminatory violations described in Paragraph 15 by Defendant Giammarco Properties, LLC are not an exclusive list of the Defendant's ADA violations. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to photograph, measure and determine all of the discriminatory acts and areas of non-compliance violating the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The shopping plaza at issue, as owned and operated by Giammarco Properties, LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying

regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 *et seq.*

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. The Defendant Giammarco Properties, LLC owns or operates a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

24. The Defendant has committed an unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or

privileges.

25. Whereas, Defendant has failed to construct its property in compliance with applicable Ohio building codes and subsequently has never undertaken the readily achievable barrier removal necessary to provide Mr. Foster and others with mobility impairments, safe and accessible means of patronizing the businesses on the property.

26. The Defendant's acts are willful, severe and ongoing.

27. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

<u>*Counsel for Plaintiff*</u>:

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
obdjr@owendunnlaw.com